ANNIE M. HAYES v. THE CITY OF WEST BAY CITY,
IMPLEADED WITH FRANCIS LAFRANCE AND
NAPOLEON LAFRANCE.

*Municipal corporations—Defective highways—Pleading—Evidence.*

1. A declaration in a negligence case against a city, which avers that the defendant negligently permitted a building, which was being moved by third parties by permission of the council, to remain in a public street on a certain night, with a timber projecting from under it, and without any lights, danger signals, or other suitable warning to persons passing along the street, and that the plaintiff, without negligence on her part, while riding along the street, ran onto and against the building and timber, and was then and there thrown out of the buggy in which she was riding, and sustained certain specified injuries,—contains all of the averments necessary to bring the case within the statute.

2. It appeared on the trial that the city council granted a license to move the building, subject to the supervision of the city marshal, and that on the afternoon of the day of the injury the marshal called the attention of one of the licensees to the projecting timber, which was being used in moving the building, and said to him that he thought it unsafe, but did nothing to prevent the building and timber from being left in the street overnight. And it is held that the city was responsible for the condition of the building while in the street; and that testimony as to the use of the timber in moving and its projection beyond the building, coupled with the fact that it was left in the street in the same condition as when being moved, was competent evidence against the city.

3. It was the duty of the marshal to see that ordinary care, at

least, was taken to warn passers-by of the presence of the building in the street, which duty, and the neglect of the marshal to perform it, was that of the city; and the city could not escape this duty because of the failure of electric light contractors to light a lamp near the building, which, if lighted, would probably have been a sufficient warning of the position and condition of the building in the street.

Frror to Bay. (Cobb, J.) Argued April 8, 1892. Decided April 22, 1892.

Negligence case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*S. P. Flynn,* for appellant, contended:

1. An action founded upon a statute cannot be joined with one at common law; citing *People v. Judges,* 1 Doug. 434.

2. If the license to move the building over the street, with the reservation of the right to supervise the moving, obliged the city to see that the street was not thereby made unsafe for travel, the averments in the declaration regarding the acts of the licensees become a material factor in the case, and the failure of the evidence to support the declaration in that particular was a variance prejudicial to the city; citing *Lull v. Davis,* 1 Mich. 77.

B. If the building was moved into the street by permission of the common council, such permission is within the scope of its legitimate legislative power, and cannot be made the basis of recovery in this action; citing 1 Dill. Mun. Corp. § 395 (328).

4. A muncipality is not liable for the manner in which it has, in good faith, exercised its legislative power; citing Dill. Mun. Corp. §§ 66 (39), 949 (753); *Detroit v. Blackeby,* 21 Mich. 84; *McCutcheon v. Homer,* 43 Id. 483; *Detroit v. Putnam,* 45 Id. 263; *Burford v. Grand Rapids,* 53 Id. 98.

5. To render a municipality liable, it must be shown that it had a reasonable time and opportunity, after knowledge by or notice to it that the highway had become unsafe or unfit for travel, to put the same in proper condition for use, and had not used reasonble diligence therein after such knowledge or notice; citing Act No. 264, Laws of 1887, § 2; *Fuller v. Jackson,* 82 Mich. 480; *Dundas v. Lansing,* 75 Id. 499.

6. A municipal corporation is not liable for the acts of persons licensed to use its streets, unless the authorities have notice of

the negligence of the licensee, or the streets have been so long unsafe that such notice is presumed; citing *Masterton v. Mt. Vernon*, 58 N. Y. 391; *Sweet v. Gloversville*, 12 Hun, 302; *McDermott v. Kingston*, 19 Id. 198; *Cohen v. New York*, 43 Id. 345; *Dorlon v. Brooklyn*, 46 Barb. 604; *Warsaw v. Dunlap*, 112 Ind. 579; *Dooley v. Sullivan*, Id. 451; *Ryan v. Curran*, 64 Id. 345; 2 Dill. Mun. Corp. §§ 1024 (790)–1026.

7. A municipality is not liable in damages to a person injured through the negligence of its police officers in not enforcing some police regulation or some ordinance or resolution of the council; citing *Henkel v. Detroit*, 49 Mich. 249; and such persons are public officers, and not agents or servants of the city; citing *Buttrick v. Lowell*, 1 Allen, 173; *Dargan v. Mobile*, 31 Ala. 469.

*James Van Kleeck*, for plaintiff, contended:

1. Notice of a defect to one acting for the city is sufficient; citing *McSherry v. Canandaigua*, 12 N. Y. Suppl. 571; and where a city authorizes its streets to be impaired by another independent of the city, it is its duty to see that the dangerous place is properly lighted, and notice of the defect is not necessary; citing *Haniford v. Kansas*, 103 Mo. 172; *Southwell v. Detroit*, 74 Mich. 438; Charter of West Bay City (Act No. 307, Local Acts of 1885), § 1 tit. 12.

MORSE, C. J. This is an action for negligent injury. The plaintiff recovered judgment in the court below for $1,350.

The first assignment of error is that the defendants were improperly joined.

The declaration, in substance, alleges that the defendant city negligently permitted a wooden building, which was moved into Henry street by La France & Son, under permission from the city, to remain in said street the night of September 19, 1889, with a timber projecting from under same, without any lights, danger signals, or other suitable warning to persons passing along, over, and on said street, and that plaintiff, without any negligence on her part, while riding in a buggy drawn by one horse, in and along said street, ran onto and against

said building, and said timber projecting from under said building, as aforesaid, and was then and there thrown out of said buggy, and sustained an injury to her left arm, elbow, wrist, etc., and that by reason thereof the said appellant is liable to her in damages.

It is contended by the city that the right of action relied upon against the defendants La France is based purely upon a common-law liability, while that against the city is purely statutory, and that a statutory action cannot be joined with one at common law in this manner. We do not consider this question important, as the case against the defendants La France was withdrawn by the court from the jury at the close of the plaintiff's evidence, and thereafter the plaintiff proceeded against the city alone. The declaration was sufficient as against the city without counting upon the statute, as it contained all the necessary averments to bring the case within the statute. *G. R. & I. R. R. Co. v. Southwick*, 30 Mich. 446; *Fuller v. Jackson*, 82 Id. 482.

It is claimed, however, that while the trial was proceeding, and before the case against the defendants La France was dismissed, evidence was introduced tending to show that the work of moving the building was negligently done, and that this evidence prejudiced the defendant city, and could not have been admitted except upon the theory of a joint action against the city and the defendants La France, who had the contract of moving the building. Under our view of the case, however, this testimony was admissible as against the city. The record shows that on the 9th of September, 1889, the common council granted a license to the defendants La France to move two buildings on the corner of John and Henry streets, *subject to the supervision of the city marshal.* The marshal testified that the day the building was moved into the street and the injury was received by

plaintiff, September 19, 1889, at about 4 P. M., he saw the building out in the street, in the process of moving; that timbers had been placed under the sills, to help move it along, the ends of which timbers projected out beyond the building 10 or 12 feet, and from 2 to 2½ feet above the ground. He called the attention of one of the defendants La France to this projection, and told him he thought it unsafe. He did nothing, however, to prevent the building being left in the street over night in this condition, except as above stated. The moving of this building being under the supervision of the city marshal, the city was responsible for the condition it was in while in the street. The negligence shown, so far as the moving was concerned, was the leaving of the building in the street with these timbers projecting, and without lights or guards against danger of collision with them by vehicles. The plaintiff was injured by the upsetting of a buggy in which she was riding, by reason of one of the wheels striking one of these projecting timbers. The testimony, therefore, as to the use of these timbers in moving the building, and their projection beyond it, coupled with the fact that it was left in the street in the same condition as when being moved, was competent evidence against the city.

The accident happened sometime between 7 and 8 o'clock P. M., and no lights or other signals of danger had at that time been provided by any one to warn travelers of the presence of this building, and its projecting timbers, in the street; but there was an electric light on the corner of the street, near where this building was left, which, if it had been lighted, would probably have been sufficient for the purpose of warning passers-by of the position and condition of this building in the street. This light was operated by the Home Electric Light Company, a private corporation, which

had a contract with the city to keep it, with other street lights, lighted from twilight to midnight. It was not lighted on the night of the accident until after the injury to plaintiff. It was not claimed that this light was always lighted before dark, but it was claimed that the city had the right to rely upon the contract, and to presume that it would be carried out. But this building was being moved under the supervision of the city, in fact, as the license provided that it should be moved under the supervision of the marshal, a city official. The marshal had notice of the danger of leaving this building after dark, as it was left, without guard or danger signals of any kind. It was his duty to see that ordinary care, at least, was taken to warn passers-by of its presence in the street, and his duty was the duty of the city, and, as the circuit judge correctly charged the jury, his neglect was the neglect of the city. The city could not escape this duty because of this electric light contract, which the record shows was not always performed in respect to lighting the streets before dark. *Southwell v. Detroit*, 74 Mich. 438, 445, 450. It had notice of this obstruction in and danger to the highway, and it could not rely upon the lighting of this street before dark, because it was not always so lighted. We do not find the contract in the record, and only know what it contained from the statements of witnesses and counsel; but the record plainly shows that there was no basis upon which the city would have the right to presume that this light would be lighted before dark, and from thence continually kept lighted until midnight, nor any legal excuse for the absence of proper lights or signals about this building after dark.

It was claimed upon the trial that Mr. and Mrs. Hewitt, with whom plaintiff was riding at the time of the accident, were negligent in driving. Error is assigned

upon the refusal of the court to give certain requests of the defendant city in this regard. The circuit judge, however, instructed the jury, very clearly, that if they found that Mr. Hewitt was negligent in allowing his wife, who was also holding a child, to drive on a night as dark as the night in question, or that Mrs. Hewitt was negligent in her driving, or in not stopping the horse when he began to shy from the building, the plaintiff could not recover. This was certainly as favorable an instruction in this respect as the defendant could ask, as the question of negligence of all the parties in the buggy, under the facts shown, was for the jury; and we are not prepared to say that the negligence of either Mr. or Mrs. Hewitt could be imputed to the plaintiff. But it is not necessary to decide as to the imputed negligence, as the defendant had the full benefit of the doctrine, as counsel claims it to be.

The judgment is affirmed, with costs.

McGRATH, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.