BAKER *v.* CITY OF GRAND RAPIDS.

| | |
|---|---|
| 111 | 447 |
| 111 | 695 |
| 111 | 447 |
| s 116 | 322 |
| 116 | 324 |
| 111 | 447 |
| 122 | 649 |
| 111 | 447 |
| s69NW | 740 |
| 129 | 25 |
| 111 | 447 |
| 137 | 3 96 |
| d137 | 3100 |
| 137 | 323 |
| 111 | 447 |
| e140 | 2361 |

1. PERSONAL INJURIES—STREET CROSSINGS—EVIDENCE.

Evidence that it was customary for people to cross a street diagonally in the direction taken by plaintiff when he was injured by falling into a manhole, and that a path had been worn across the street at that point, is admissible on the question of plaintiff's care.

2. SAME—TRAVEL AT NIGHT—CONTRIBUTORY NEGLIGENCE.

The mere fact that plaintiff made use of such path, instead of the cross-walk, *at night*, did not, as a matter of law, render him guilty of contributory negligence.

3. MUNICIPAL CORPORATIONS—EXCAVATIONS FOR SEWER—DUTY TO GUARD

The duty resting upon a municipality to cause excavations in the streets occasioned by the construction of a public sewer to be properly guarded and lighted cannot be shifted upon the contractor so as to relieve the city from its obligation.

4. SAME—ATTEMPT TO GUARD—WHAT SUFFICIENT.

Whether the duty to light an excavation in a public street was discharged by the act of the excavators in leaving at the place a lighted lantern is a question for the jury, where there is evidence that the lantern did not contain sufficient oil to keep it lighted during the time the light was required.

Error to superior court of Grand Rapids; Burlingame, J. Submitted November 13, 1896. Decided January 5, 1897.

Case by Fred J. Baker, an infant, by his next friend, against the city of Grand Rapids, for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*Henry J. Felker* (*Taylor & Eddy*, of counsel), for appellant.

*McKnight & McKnight*, for appellee.

MONTGOMERY, J.   In 1890 the defendant city contracted with one Tennis to construct a sewer in the center of South Lafayette street, together with manholes and catch-basins, or sand traps.   These catch-basins were located between the gutter and the sidewalk, and the excavation for the construction of the same was 7 feet 4 inches in depth, with a diameter of 5 feet 4 inches.   The contractor entered upon the construction of this work, and, after the excavation of one of these openings for a catch-basin, on the evening of November 17, 1890, plaintiff, then a lad of 15 years, while on an errand to a grocery store, and crossing Lafayette street in a diagonal direction, fell into this opening, and received serious injuries, for which he recovered in this action.   The defendant brings error, and relies, in its argument, upon four grounds of error, principally:

(1) That the court erred in admitting proof of a pathway running diagonally across Lafayette street, in the course taken by plaintiff.

(2) That there was no sufficient proof that the basin was left unguarded.

(3) That the plaintiff was guilty of contributory negligence.

(4) That no notice of the failure to guard the opening was shown.

1. Testimony was introduced tending to show that it was customary for people to cross the street in the direction taken by the plaintiff, and that a path had been worn across the street at this point.   We think this testimony could not have damaged the defendant, as it was the right of the plaintiff to cross the street at any portion of the traveled way, and he was not confined to the crosswalk.   1 Thomp. Neg. 387; *Lincoln* v. *City of Detroit,* 101 Mich. 245.   The fact that others, in considerable numbers, took this same course, bore on the question of plaintiff's care on the occasion in question.

2. The defendant's testimony tended to show that, when the men quit work on the day in question, they

placed barriers around the hole, and left a lighted lantern there. The testimony as to the barriers being there was not wholly undisputed, but, in addition to this, there was testimony tending to show that the lantern did not contain oil enough so that the lantern could be kept lighted. Two witnesses testified that, immediately after the accident, they attempted to light this lantern, and keep it lighted, and failed in the attempt. The trial judge properly left it to the jury whether, in view of this testimony, the place was properly and reasonably guarded and lighted. It cannot be said that, if it was a duty to leave a light at this place at all, this duty was performed by leaving a lantern with so little oil that it would not remain lighted during the occasion for its use as warning.

3. The contention that the plaintiff was guilty of contributory negligence as matter of law cannot be allowed. It is true the night was dark, but the public streets are intended for travel in the evening as well as in the daytime, and it is not negligence to attempt to travel the public streets in the evening. We are cited to numerous cases by defendant's counsel, but, in the main, they are cases where the traveler had left the public highway, or the wrought portion thereof, and are clearly distinguishable from this case, in which the plaintiff kept within the limits of the highway.

4. The further contention is answered by the rule laid down in *City of Detroit* v. *Corey*, 9 Mich. 165 (80 Am. Dec. 78), and reaffirmed in *Southwell* v. *City of Detroit*, 74 Mich. 438, in which case the rule is laid down that a city, when performing a duty imposed upon it by law, cannot shift the responsibility for conditions created by itself in the performance of such duty upon a contractor, and rid itself of its obligations. See *Hayes* v. *City of West Bay City*, 91 Mich. 418. See, also, *Brusso* v. *Buffalo*, 90 N. Y. 679; 2 Dill. Mun. Corp. (4th Ed.) § 1027, and note, where the authorities are collected.

111 MICH.—29.

We think no error was committed to the prejudice of defendant, and the judgment will be affirmed, with costs.

The other Justices concurred.