## MONJE *v.* CITY OF GRAND RAPIDS.

1. PERSONAL INJURIES—MUNICIPAL CORPORATIONS—PRESENTATION OF CLAIMS.

A charter provision requiring persons claiming damages from a city for personal injuries to furnish the common council with the names of witnesses within a stated time after the injury occurred imposes no duty upon the claimant to produce such witnesses before the council.

2. SAME—DEFENSES—PROXIMATE CAUSE.

In an action against a city for injuries sustained by falling into an unguarded excavation at night when attempting to board a street car, the city cannot escape liability upon the

| | |
|---|---|
| 122 | 645 |
| 124 | 95 |
| 122 | 645 |
| 126 | 311 |
| 122 | 645 |
| s81NW | 574 |
| 129 | ᵇ 25 |
| 122 | 645 |
| e136 | ³182 |
| j136 | ³190 |
| 122 | 645 |
| 137 | 96 |
| 137 | 100 |
| 137 | 323 |
| 122 | 645 |
| 158 | ³280 |
| j158 | ³282 |

ground that the company's negligence in stopping the car
so near the excavation was the proximate cause of the injury.

3. SAME—DEFECTIVE STREET—LIABILITY OF CITY

A city being, under its charter, responsible for constructing
sewers and their connections, it is liable for injury to one
falling into a trench for a sewer connection negligently left
uncovered, though the work was done by a licensed plumber,
who alone had notice of the defect.

Error to superior court of Grand Rapids; Burlingame,
J. Submitted January 9, 1900. Decided January 23,
1900.

Case by Elizabeth Monje against the city of Grand
Rapids for personal injuries. From a judgment for plain-
tiff, defendant brings error. Affirmed.

*L. K. Salsbury*, for appellant.

*Carroll, Turner & Kirwin*, for appellee.

HOOKER, J. The defendant appeals from a judgment
against it in an action for a personal injury. Our under-
standing of such facts as are important to the consideration
of the questions before us is that upon Ottawa street, run-
ning north and south, a trench was opened for some dis-
tance, for the purpose of repairing a sewer, by a contractor
named Owens, who seems to have no interest in this case.
A trench, extending from abutting property upon the east
side of the street to the sewer, had been opened for the
purpose of making drain connections. This was done by
a plumber, Van Rossum, who was licensed by the city.
There were two street-car tracks upon this street, the
easterly one only being in use that day. The intersecting
trench opened by the plumber was open between the two
tracks. A car came from the south, and stopped opposite
this trench, a short distance north of Mason, an intersect-
ing street. It was an open car, with a running-board
upon its side. The plaintiff came from the southwest,
and, instead of taking the cross-walk to the east side of
the tracks, took a diagonal course northeasterly, directly

towards the car, and attempted to board it on the west side, but fell into the trench between the tracks, whereby she was injured. It was in the night, and there is some testimony that indicates that the lights were not burning in the car.

Among the alleged errors are the following:

1. That plaintiff did not comply with the requirements of the charter in regard to the presentation of claims, and therefore the court erred in refusing to direct a verdict for the defendant.

2. That it was negligence in the car company to stop its car near the hole, instead of nearer Mason street, and therefore that the unguarded trench was not the proximate cause of the injury, and that the court erred in declining to so direct the jury.

3. The charter provides that the board of public works shall have power to license plumbers, and Van Rossum was licensed by them; and it is contended that this did not make the city responsible for the plumber's negligence in leaving an open, unlighted trench.

4. It is maintained that, unless Van Rossum can be said to have acted as the city's agent, there was no notice of the dangerous condition of the way.

5. The contract and bond of Owens were admitted in evidence, and it is alleged that this was erroneous.

6. It is said that the jury should have been directed to render a verdict for defendant upon the ground of plaintiff's contributory negligence.

Sections 6 and 7 of title 4 of the charter (Act No. 374, Local Acts 1897) provide:

"Sec. 6. If any claim for unliquidated damages is made against said city for injuries to persons or property by reason of any defect in sidewalks, streets, highways, cross-walks, bridges, alleys, courts, or public grounds or places in said city, or any claim is made against said city in an action of tort, the claimant in such cases shall present the same to the common council within sixty days after the injury or wrong occurred, which claim shall state the place where the injury or wrong was received, the names of the claimant's witnesses concerning the same then known to the claimant, a description of the injury sustained, and a succinct statement of the facts

constituting such .claimant's demand against said city, and any further statement that may be required by said common council; and any such claim shall be void unless such claimant shall bring an action against said city for such demand within a period of one year from and after said common council has had a reasonable time to investigate and pass upon such claim, which reasonable time shall not exceed a period of thirty days.

"SEC. 7. It shall be a sufficient bar to any action or proceeding brought in any court for [the] recovery of any such claim against said city, that such claim has never been presented to the common council, or has not been presented within the time above limited, or that the action or proceeding was brought before said common council had such reasonable time to investigate and pass upon such claim, as hereinbefore stated, or that such action or proceeding was not brought within the period of one year after the time elapsed for the common council to investigate and pass upon such claim, as hereinbefore stated."

It appears that the plaintiff filed a written claim, duly verified, stating the facts at length, giving the names of a number of persons alleged to be her witnesses concerning the injuries. Her counsel, husband, and son met and discussed the subject with the committee of the common council, who laid the matter over a week; and, according to the statement of a member of the committee, the plaintiff's counsel was to produce further witnesses of the transaction, but they were not produced, and subsequently the action was commenced. The claim was filed September 7th, and action was commenced late in October. We are of the opinion that the plaintiff did all that was required of her by law.

The doctrine of proximate cause has, in our opinion, no application under the facts proved. It is true that, if the car had been somewhere else, she would not have gone near the open trench; but it would be difficult to imagine a case where one would fall into a trench but for the fact that some other circumstance led him to go near enough to fall into it.

The city has the responsibility of constructing sewers

and their connections, under the charter, whether it be done by its own employés, or by persons licensed to dig up its streets. Thus, in *Hayes* v. *City of West Bay City*, 91 Mich. 418, it was so held where a building was being moved under supervision of the city; and again in *Joslyn* v. *City of Detroit*, 74 Mich. 458. In *Gavett* v. *City of Jackson*, 109 Mich. 414 (32 L. R. A. 861), the distinction between the cases where the city is, and those where it is not, an active agent in causing danger, is alluded to; citing the case of *Hutchinson* v. *City of Ypsilanti*, 103 Mich. 12, where it was pointed out. In *Baker* v. *City of Grand Rapids*, 111 Mich. 447, Mr. Justice MONTGOMERY alluded to *Southwell* v. *City of Detroit*, 74 Mich. 438, stating that the rule is there laid down "that a city, when performing a duty imposed upon it by law, cannot shift the responsibility for conditions created by itself in the performance of such duty upon a contractor, and rid itself of its obligations." *Hamilton* v. *City of Detroit*, 105 Mich. 514. These cases seem to us to dispose of the claims that the city was not responsible for the act of the plumber, and that it had no notice of the defect.

The testimony in relation to Owens, if inadmissible, was harmless.

The question of contributory negligence was for the jury; such negligence not being, in our opinion, conclusively proved.

It remains to say that we find no error, and the judgment is affirmed.

The other Justices concurred.