THOMPSON *v.* CITY OF WEST BAY CITY.

1. MUNICIPAL CORPORATIONS—DUTY TO CONSTRUCT SIDEWALKS.

   The city charter of West Bay City, providing that owners and occupants of adjacent property shall build, rebuild, and maintain sidewalks, that the council may, by a two-thirds vote, pay such part of the expenses as it deems advisable, and that the building, rebuilding, and repairing shall be done under the direction of the common council, does not make it the duty of the city to construct sidewalks.

2. SAME—SIDEWALKS—NEGLIGENCE OF CONTRACTOR—LIABILITY OF CITY.

   A city is not liable for an injury due to the negligence of a contractor in improperly constructing a barrier to prevent people walking on a new cement sidewalk, where the duty of building the sidewalk was not imposed by law upon the city.

3. SAME—SIDEWALK ORDINANCE—NEGLIGENCE OF CONTRACTOR—LIABILITY OF CITY.

   An ordinance requiring the work of building sidewalks to be

done under the supervision of the city engineer, and obligating the city to pay one-third of the cost, does not make the city responsible for the negligence of one building a sidewalk under a contract with the owner of the adjacent land, where the charter makes it the duty of the owner of the land to build the sidewalk.

4. SAME—OBSTRUCTIONS—LIABILITY OF CITY.

A city charter, requiring the council to see that all ordinances relating to the keeping of sidewalks free from ice, snow, and obstructions are strictly enforced, does not make the city liable for the negligence of a contractor in erecting a barrier across a sidewalk, when the contractor is employed by the owner of the adjacent property to build the sidewalk.

5. HIGHWAYS—SAFE CONDITION—MUNICIPAL LIABILITY—CONTRACTOR.

1 Comp. Laws, § 3441, making it the duty of a municipality to keep its streets in a condition reasonably safe and fit for travel, makes it liable only for its own negligence or the negligence of some one for whose conduct it is legally responsible, and not for the negligence of a contractor who is not its agent, nor engaged in performing a duty imposed by law upon the municipality.

Error to Bay; Shepard, J.    Submitted March 16, 1904. (Docket No. 134.)    Decided July 7, 1904.

Case by Martha J. Thompson against the city of West Bay City for personal injuries.    There was judgment for plaintiff, and defendant brings error.    Reversed.

*S. G. Houghton,* for appellant.

*Fred W. De Foe,* for appellee.

CARPENTER, J.    This is a suit for personal injuries. On the evening of October 26, 1902, plaintiff was injured by falling over an alleged improperly constructed barrier on Elm street, in said defendant city.    This barrier was placed across the sidewalk to guard a newly constructed cement walk.    The walk was constructed and the barrier erected by one William Green, under a contract with Israel Nontais, the owner of the adja-

cent property. Some time early in the preceding September, defendant had notified Nontais to construct this sidewalk. Nontais thereupon, on the 15th of September, applied for and received permission from defendant's common council to build the walk. This permission was granted under an ordinance passed by defendant which required the work to be done under the supervision of the city engineer, and obligated the city to pay one-third of its cost.

The case was submitted to the jury upon the theory that defendant was responsible for the neglect of the contractor to properly guard the walk. The jury rendered a verdict for the plaintiff. Defendant asks us to reverse that judgment. The important question in the case is whether the trial court was right in holding defendant responsible for the negligence of the contractor in erecting an unsafe barrier. In entering upon this inquiry, it is important to bear in mind the precise question involved. Plaintiff received the injury, not from a defect in the walk, but from an unsafe barrier. The question involved is not whether the city is under an obligation to put its sidewalks in a condition reasonably safe for travel after knowledge or notice of their unsafety. It is not whether the city was under an obligation to see that the contractor constructing this walk made a walk reasonably safe for travel. It is this: Is the city answerable for the neglect of the contractor, not merely in building the walk, but in performing incidental duties connected with the work? If the contractor, in building this sidewalk, was performing a duty imposed by law upon defendant, there would be little difficulty in sustaining the ruling of the trial court. See *City of Detroit* v. *Corey*, 9 Mich. 165 (80 Am. Dec. 78); *Southwell* v. *City of Detroit*, 74 Mich. 438 (42 N. W. 118); *Baker* v. *City of Grand Rapids*, 111 Mich. 447 (69 N. W. 740); *Monje* v. *City of Grand Rapids*, 122 Mich. 645 (81 N. W. 574); *Beattie* v. *City of Detroit*, 129 Mich. 20 (88 N. W. 71). But we cannot say that the duty of constructing this walk legally devolved upon the defendant municipality. The law governing the matter

is contained in chapter 23 of defendant's charter. See Act No. 442, Local Acts 1897. By this act, defendant is given authority, not to itself build sidewalks, except in the contingencies hereafter mentioned, but to require the owners and occupants of adjacent property "to build, rebuild, and maintain" them, "the expense thereof to be paid by such owner or occupant; or the council may, by two-thirds vote of all the aldermen elect, pay such part of the expenses of building * * * as they may deem proper. * * * The building, repairing, and rebuilding of all sidewalks * * * shall be done under the direction of the common council of the city." Only in the event of the owner's failure is authority given to defendant to build such walk at the owner's expense, though the chapter contains a provision that "the council may, by two-thirds vote of all the aldermen elect, provide by ordinance for the rebuilding, maintaining, and keeping in repair of all sidewalks within the city, * * * and pay the expense thereof from the general street fund." This latter provision is inapplicable, for two reasons:

(a) While it authorized defendant, under certain circumstances, to *rebuild* sidewalks, it did not authorize it to do what was being done in this case—to *build* them. The statute, for some reason, clearly distinguishes between building and rebuilding sidewalks.

(b) Even if this provision permitted—as it did not—defendant to build sidewalks, it could have no bearing upon its responsibility in a case like this, where it had not elected to proceed under it. Defendant could not proceed under this provision without paying the expenses of the improvement from the general street fund. If it determined, as it did in this case, that the walk should be built at the expense of the adjacent owner, it would be unreasonable to hold that the city's responsibility was increased by the circumstance that it might at its own expense have done the work.

Did the enactment of the ordinance change the relation created by the charter between the defendant and the contractor? The ordinance makes it unlawful for a sidewalk to be constructed without first obtaining the permission and consent of defendant's council, and provides that no sidewalk shall be built except as provided by the ordinance or directed by the council. This in no way changed the legal relation between the contractor who built the sidewalk and the defendant. For section 2 of chapter 23 of defendant's charter requires sidewalks to be built " of such width, materials, and manner of construction, and within such time, as the council shall by ordinance or resolution prescribe." It cannot possibly be maintained that defendant became responsible for the contractor's negligence because it chose, as it had a statutory right to choose, to contribute a portion of the expense of constructing the walk. Nor is defendant responsible because it supervised the work of construction. In doing this, it was only performing an obligation imposed upon it by the express language of its charter, requiring the building of all sidewalks to be done under the direction of its common council.

Section 4 of said chapter 23 makes it the duty of defendant's council " to see that all ordinances and resolutions relating to the building, rebuilding, and repairing of sidewalks * * * and the keeping of the same free from ice and snow and from all obstruction * * * are strictly enforced." While it may be contended that this language imposed a duty to exercise care in supervising the building of sidewalks, it is obvious that it falls far short of making the municipality an insurer of the diligence of a third person, to whom the law gives authority to build them. It might very properly be held that the city is responsible for any negligence in supervising the contractor, but the question involved in this case, as heretofore stated, does not relate to its responsibility for such negligence, but it is whether it is responsible for all negligence of the contractor whose work is thus supervised. If defendant was responsible for the contractor's

negligence to build a safe barrier, an extraordinary obligation rested upon it. The contractor was neither its agent nor servant. It had no voice in his selection. He was performing a duty which the law devolved, not upon defendant, but upon a third person. Defendant intrusted him with no authority. No contract relations existed between him and defendant. If, under these circumstances, defendant is responsible for the contractor's negligence, there is a responsibility which can be discharged by no such general supervision of the work as will insure results. Defendant can discharge this obligation only by having a representative constantly on the ground, not merely supervising but directing every detail of the work. If there is such an obligation, it must be imposed, not by reason, but by some statutory enactment.

Defendant's responsibility depends upon the proper construction of Act No. 264 of the Public Acts of 1887 (chapter 91, 1 Comp. Laws). By section 1 of said act (section 3441, 1 Comp. Laws), a municipality is responsible for—

"Bodily injury upon any of the public highways or streets in this State by reason of neglect to keep such public highways or streets and  *  *  *  sidewalks  *  *  * on the same, in reasonable repair and in condition reasonably safe and fit for travel."

And it is provided by section 2 of said act (section 3442, 1 Comp. Laws):

"That in all actions brought under this act it must be shown that such township, village, or city has had reasonable time and opportunity after knowledge by or notice to such township, village, or city that such highways, streets, *  *  *  or sidewalks  *  *  *  have become unsafe or unfit for travel, to put the same in the proper condition for use, and has not used reasonable diligence therein after such knowledge or notice."

This language makes it clear that a municipality is liable only for its own negligence, or for the negligence of some one for whose conduct it is legally responsible. It is clearly not legally responsible for the conduct of a con-

tractor who is not its agent or its servant, nor engaged in performing a duty imposed by law upon it. The cases of *City of Detroit* v. *Corey*, 9 Mich. 165 (80 Am. Dec. 78); *Southwell* v. *City of Detroit*, 74 Mich. 438 (42 N. W. 118); *Baker* v. *City of Grand Rapids*, 111 Mich. 447 (69 N. W. 740); *Monje* v. *City of Grand Rapids*, 122 Mich. 645 (81 N. W. 574); and *Beattie* v. *City of Detroit*, 129 Mich. 20 (88 N. W. 71)—have no application. In those cases the municipality was held liable for the negligence of a contractor who was performing a duty imposed by law on the defendant municipality. This holding accords with the principles of justice, even though the municipality was compelled to let the contract to the lowest bidder, for it could protect itself from the consequences of the contractor's negligence by a bond. That it could not do in the case at bar. Neither is the case governed by *Hayes* v. *City of West Bay City*, 91 Mich. 418 (51 N. W. 1067). There the city voluntarily chose to permit a building to be moved through its streets under the supervision of its marshal, who had notice that it was being moved in a negligent manner. The responsibility of the city was based on the negligence of its marshal, and not on the negligence of the contractor.

There are authorities which hold a municipality responsible for all negligence of one who, acting under its license, is doing an act which endangers the safety of travelers on a highway. See *District of Columbia* v. *Woodbury*, 136 U. S., at page 464 (10 Sup. Ct. 990); *Mayor, etc., of Savannah* v. *Donnelly*, 71 Ga. 258; *Russell* v. *Inhabitants of Town of Columbia*, 74 Mo. 480 (41 Am. Rep. 325). The doctrine of these cases has been disapproved. See *Masterton* v. *Village of Mt. Vernon*, 58 N. Y. 391; *City of Warsaw* v. *Dunlap*, 112 Ind. 576 (11 N. E. 623, 14 N. E. 568); *Borough of Susquehanna Depot* v. *Simmons*, 112 Pa. St. 385 (5 Atl. 434); *City of Denver* v. *Sherret*, 88 Fed. 226, 31 C. C. A. 499. And we think it inconsistent with the decisions of this court. See *Fisher* v. *Thirkell*, 21 Mich. 1 (4 Am. Rep. 422); *McArthur* v.

*City of Saginaw,* 58 Mich. 357 (25 N. W. 313, 55 Am. Rep. 687); *McEvoy* v. *City of Sault Ste. Marie,* 136 Mich. 172 (98 N. W. 1006). Even if that doctrine were sound, it would not be applicable to the case at bar. It is based upon the ground that the city has voluntarily granted a license. In the case at bar it has done no more than to permit a person to do an act which he was legally authorized to do.

Plaintiff's counsel cites many authorities from other States. Many of them hold that, notwithstanding the obligation of the adjacent owner to build a walk, the municipality is responsible to a person injured by reason of its being in a defective condition. See *City of Keokuk* v. *Independent District of Keokuk,* 53 Iowa, 352 (5 N. W. 503, 36 Am. Rep. 226); *City of Rochester* v. *Campbell,* 123 N. Y. 405 (25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760); *Russell* v. *Village of Canastota,* 98 N. Y. 496; *Flynn* v. *Canton Company of Baltimore,* 40 Md. 312 (17 Am. Rep. 603); *City of Hartford* v. *Talcott,* 48 Conn. 525 (40 Am. Rep. 189); *Noonan* v. *City of Stillwater,* 33 Minn. 198 (22 N. W. 444, 53 Am. Rep. 23); *Toutloff* v. *City of Green Bay,* 91 Wis. 490 (65 N. W. 168). These cases are in accord with our own decision in *Lynch* v. *Hubbard,* 101 Mich. 43 (59 N. W. 443), and throw no light upon the question under discussion. In *Davis* v. *City of Omaha,* 47 Neb. 836 (66 N. W. 859), it was stated, rather than held, that under its charter the defendant city was responsible for the negligence of a lot owner building a sidewalk. But the statute there in question did not, as does the statute governing this case, make it the duty of the lot owner to build the sidewalks adjoining his property.

We conclude, therefore, that the court erred in holding defendant responsible for the negligence of the contractor. If a city is liable in a case of this character, its liability must rest upon the ground that it has been guilty of negligence in failing to put a sidewalk in a proper condition for travel after it has had the statutory knowledge or notice

of its unsafe condition. We cannot, as urged by plaintiff, affirm this case upon the ground that defendant neglected this duty. We could not do that unless the evidence proved defendant's negligence as a matter of law. We go as far as we are justified, and farther than defendant would concede, in saying that the evidence proves that defendant knew that the walk was being constructed. We could not say that it proves that defendant knew that the walk was guarded by unsafe barriers. It cannot be held, as a matter of law, that this evidence justifies a court in directing a verdict for the plaintiff, without assenting to the proposition that due diligence on the part of a municipality requires it, after knowledge that a walk is being constructed, to itself guard said walk by proper barriers. This proposition is equivalent to declaring that it is negligence for the municipality in such a case to assume that the person building the walk will perform the duty which requires him to properly guard it. In short, the right to direct a verdict under such circumstances rests upon the ground which, as we have already shown, is in our opinion unsound, that defendant is responsible for the negligence of the person building the walk.

We will not, on this record, undertake to determine what will constitute sufficient evidence to warrant the jury in finding defendant responsible under the theory which, according to this opinion, will prevail on another trial. It is not even certain that such determination would be materially helpful, since we cannot assume that plaintiff's case, when presented upon the proper ground, will not, by the introduction of other testimony, differ materially from that shown by the present record.

Judgment reversed, and a new trial ordered.

The other Justices concurred.