BONNEVILLE v. CITY OF ALPENA.

MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS — EXCAVATIONS—LIGHTS AND BARRIERS—NEGLIGENCE.

Under charter provisions of the city of Alpena placing the construction of sewers and drains under the superintendence of the street commissioner, the city is liable for the negligence of a plumber, who, in constructing, with the permission of the street commissioner, a sewer connection to a residence, left the trench in the street unlighted, so that plaintiff drove into the excavation and was injured.

Error to Alpena; Emerick, J. Submitted January 19, 1909. (Docket No. 120.) Decided October 4, 1909.

Case by Antoine E. Bonneville against the city of Alpena for personal injuries. A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*O'Brien & Francis,* for appellant.

*Joseph Cavanagh (Henry K. Gustin,* of counsel), for appellee.

HOOKER, J.   Chisholm is a paved street in the city of Alpena.   Bertrand, the owner of a house on the east side of said street, being desirous of connecting the same with the sewer, which was near the curb on the opposite side of the street, employed a plumber to do the work.   To do this, Maynard, the plumber, employed men and opened a ditch part way across the street, having first obtained permission to do so from the street commissioner, whom he notified of his intention a day or so before he began work.   The trench was left open by Maynard's men without placing lights to indicate danger.   Early in the evening one Collins while riding a bicycle ran into the trench. He immediately went to the police station, and notified an officer, who said he would look after it, which he did, placing lights there, but in the interim the plaintiff drove into the trench, and was injured.   The court directed a verdict for the defendant for the reason that there was no failure to place danger signals as soon as its officers had notice that the trench was open.

We held in *Monje* v. *City of Grand Rapids,* 122 Mich. 646 (81 N. W. 574), under charter provisions not differing materially from the charter of Alpena, that the responsibility for sewer and sewer connections rested upon the city, and that it could not escape liability for an accident caused by an unprotected trench for a sewer connection under the excuse that it was not liable for the negligence of a licensed plumber.   Sewer connections are parts of the sewer.

The case of sidewalk construction differs under the charter of West Bay City, Act No. 442, Local Acts 1897, giving authority to the city not to itself build sidewalks (except in certain contingencies) but to require the owners of adjacent property "to build, rebuild, and maintain them."   See *Thompson* v. *City of West Bay City,* 137

Mich. 94 (100 N. W. 280); *Wright* v. *City of Muskegon*, 140 Mich. 215 (103 N. W. 558).

The judgment should be reversed.

BLAIR, C. J., and GRANT, MONTGOMERY, OSTRANDER, MOORE, and MCALVAY, JJ., concurred with HOOKER, J.

BROOKE, J. (*dissenting*).   On September 30, 1907, the plaintiff, a physician, in the city of Alpena, at about the hour of 7:30 p. m., was driving at an ordinary gait along Chisholm street, one of the principal paved streets of the defendant municipality.   One Bertrand was the owner of premises on the easterly side of Chisholm street. He desired to connect his premises with the sewer in Chisholm street, which lies under the westerly edge of the pavement.   For this purpose he employed one Maynard, a plumber.   A few days before the happening of the accident Maynard applied to William Stout, defendant's street commissioner, for permission to put in the sewer, which was given, but Stout was not advised by Maynard when he was going to put it in.   The trench was dug on the morning of September 30th about half way across the street.   It was about five feet deep and two feet wide.   The blocks from the surface of the pavement were piled as a barrier about three feet high at the side of the trench.   William McDonald, defendant's sidewalk and paving inspector, was present, and instructed Maynard how to take up the blocks in the morning.   It is probable he was likewise there in the afternoon.   Maynard, after the trench was dug part way across the street, went away, leaving the men working in the ditch.   When evening came, the trench, partially unfilled, was left unprotected except by the barricade.   No lights were exposed.   About 7 o'clock one Collins, who was proceeding along the street on his bicycle, ran into the barricade, and fell partly into the ditch.   As soon as he got out, he went immediately to the police station and notified Dan Stout, a policeman, of the condition of the ditch, who stated that he would look after it, which he did.   In the

meantime, however, and before the lights were placed upon the barrier, the plaintiff drove into the ditch and was injured. At the conclusion of the plaintiff's case the defendant moved for the direction of a verdict, which motion was granted by the learned circuit judge.

It is the plaintiff's claim that this case is ruled by *Hayes* v. *West Bay City*, 91 Mich. 418 (51 N. W. 1067), and *Monje* v. *City of Grand Rapids*, 122 Mich. 646 (81 N. W. 574). The defendant claims it is ruled by *Thompson* v. *West Bay City*, 137 Mich. 94 (100 N. W. 280), and *Wright* v. *City of Muskegon*, 140 Mich. 215 (103 N. W. 558). We think that the contention of the defendant is correct.

In *Thompson* v. *West Bay City, supra,* this court said:

" We go as far as we are justified, and farther than defendant would concede, in saying that the evidence proves that defendant knew that the walk was being constructed. We could not say that it proves that defendant knew that the walk was guarded by unsafe barriers. It cannot be held as a matter of law that this evidence justifies a court in directing a verdict for the plaintiff without assenting to the proposition that due diligence on the part of the municipality requires it, after knowledge that a walk is being constructed, to itself guard said walk by proper barriers. This proposition is equivalent to declaring that it is negligence for the municipality in such a case to assume that the person building a walk will perform the duty which requires him to properly guard it."

In *Monje* v. *City of Grand Rapids, supra,* the liability of the municipality was predicated upon the fact that—

" The city has the responsibility of constructing sewers and their connections, under the charter, whether it be done by its own employés or by persons licensed to dig up its streets."

An examination of the charter of the city of Alpena discloses the following provision:

" The street commissioner shall under the direction of

the common council superintend the making, grading, * * * of all streets, * * * drains, and sewers within the limits of the city, in such manner as he may from time to time be required. * * *" Act No. 249, Laws 1871, § 53.

It will be noted that the foregoing charter provision is silent as to sewer connections, and, in the absence of a positive statutory duty, we are unable to say that the municipality should respond in damages for the default of a private contractor when he is engaged in constructing for a private citizen a sewer connection, and escape such liability when the like default is made by a private contractor in the construction of a sidewalk. The most that can be said in the case at bar is that the defendant through its officers knew that the sewer connection was being constructed. We do not think that because McDonald, the sidewalk and paving inspector, was present, and instructed Maynard how to take the blocks out, it can be said that he was supervising the work in such a manner as to bring this case within the rule laid down in *Hayes* v. *West Bay City, supra.*

The judgment should be affirmed.