WHEALY *v.* VILLAGE OF IMLAY CITY.

MUNICIPAL CORPORATIONS—NEGLIGENCE—HIGHWAYS AND STREETS.
Although the contractor for the construction of walks for a municipality builds a cement sidewalk following the agreement of the corporation to buy the brick in the previously existing walk, if the owners will construct the new walk at their own expense, the village is not liable for his negligence in leaving gravel in the street, where the owners paid for the walk, in the absence of evidence that he was requested to build it by the municipal officers or received pay from the village for his work.[1]

Error to Lapeer; Smith, J.   Submitted February 18, 1910.   (Docket No. 63.)   Decided June 6, 1910.

Case by Minnie E. Whealy against the village of Imlay City for personal injuries.   A judgment for plaintiff is reviewed by defendant on writ of error.   Reversed, and no new trial ordered.

*B. F. Reed* and *Elmer Shumar*, for appellant.

*Herbert W. Smith* and *Geer, Williams & Halpin*, for appellee.

McALVAY, J.   Plaintiff brought this suit against defendant to recover for injuries which she claimed she had suffered by being thrown from her buggy within the limits of the municipality, on account of a pile of gravel negligently left upon one of its streets by a person claimed to be an employé of the village, while engaged in building a cement sidewalk under its authority.   Defendant insisted that the walk built at the time was being constructed by the lot owners and not by the village; that a

[1] As to which of two or more persons is the master of another who is conceded to be the servant of one of them, see note to *Hardy* v. *Shedden Co.* (C. C. A. 6th C.), 37 L. R. A. 33.

petition by these owners asking the village to construct this walk had been denied and the owners had contracted with a sidewalk builder, who at the time of the injury complained of was in the execution of his contract with them, and was not in the employment of the village in any respect with reference to such sidewalk, nor was it in any way responsible or liable for any acts of negligence claimed to have been committed by him.

The material facts necessary to be stated are as follows: Three owners of adjoining lots on the north side of Fourth street in said village, where a brick walk had already been laid, presented a petition to the common council requesting it to direct the street commissioner to build a cement walk in front of their premises, to raise the grade and furnish the filling, for which they individually agreed to pay, provided the village would buy the brick then in the walk at $14 per thousand. On May 7, 1907, at a meeting of the council, the committee on streets and sidewalks, to which this petition had been referred, reported to the council, recommending that the brick in the old walk be purchased by the village at the price named, provided the property owners replaced the old walk with a cement walk at their own expense. This recommendation of the committee was thereupon adopted. This is the only action the council ever took upon this petition. The village authorities never took any steps under its sidewalk ordinance (an exhibit in the record), to require these owners to construct this sidewalk, nor gave any notice that in case it was not constructed within the time specified in the notice it would be constructed by its street commissioner, and the expense assessed against the abutting property, as, by the terms of said ordinance, should have been done had such walk been ordered by the village. Mr. Foster, a cement sidewalk builder and contractor during the year 1907, and for several years prior, had upon his bid been awarded the contract to build cement sidewalks for the village when ordered by the authorities. He was the contractor who built the walk in question, and upon this fact

plaintiff relies in fixing liability upon defendant village for claimed injuries.   The gravel or earth pile placed in the street about five o'clock in the afternoon of the day on which the accident occurred, over which plaintiff's buggy was driven later in the evening, was put there by Mr. Foster in the execution of this work.   It is claimed that the record shows that he was acting for defendant.   This claim is based upon the facts already given, and the fact that Mr. Foster was the only person who laid cement walk in the village that year, and the claim that he had no contractual relations with the abutting owners.

The case, under the charge of the court, was submitted to the jury, and a verdict was rendered for plaintiff. Defendant by writ of error has brought the case here for review and seeks a reversal of the judgment entered upon the verdict.   We will consider the error assigned, upon the refusal of the court to direct a verdict for defendant, on the ground that there was no evidence that on the date of the accident the defendant village was engaged in the construction of this particular walk, or that the contractor Foster was then acting as the agent or servant of the village.   That Foster's bid to perform services for the village to construct cement walks for it had been accepted, and his bond given to faithfully perform such services, is not denied. Nor is it disputed but that the village was authorized by statute to require the construction of sidewalks by abutting owners, under certain conditions.   The liability of the city in this case, defendant contends, depends upon whether, in constructing this walk, Foster was acting as agent of the village.   The record shows that the parties desired the village to construct this walk.   This was refused, but it agreed to and did take the brick, provided the owners would build this walk at their own expense. This was acquiesced in by the owners.   Mr. Foster, who at the time was the only cement contractor in the village, testified:

"Mr. Hazelton came to me and said they were ready any time and Mr. Forsythe came and spoke to me and said

to go ahead and put the walk down, and Mr. Hazelton said the sooner the better; he was anxious to get it in."

He also testified that no officer of the village ever directed him to build the walk; that as soon as completed this walk was measured and paid for by the owners; that he was paid by them for constructing the whole of it; that in all other cases where he built walks the village paid one-half upon his bill; that for this walk he never presented any bill to the village.

Whether the action of the village officials in regard to building other walks referred to in the record was within the authority of the statute, and its ordinance, is not material to this case. We find that no attempt was made by them to undertake this work, that they refused to do so, as their records show. We find no evidence in this case of any connection of the village with this walk, except granting permission to the owners to build it on the terms already stated. The evidence clearly shows that this sidewalk was built under a contract with the owners, and will warrant no other construction, and defendant village was not liable for any negligence of the contractor. *Thompson* v. *West Bay City*, 137 Mich. 94 (100 N. W. 280). The reasoning of the case cited is particularly applicable to the case at bar, for the reason that the powers granted by the statute to the municipality, relative to the sidewalks are similar to those in the charter construed. The court should have instructed a verdict for defendant as requested. This disposes of the case.

For the error pointed out, the judgment is reversed, and no new trial ordered.

HOOKER, MOORE, BROOKE, and STONE, JJ., concurred.