The Grand Rapids & Indiana Railroad Company and another v. William H. Southwick.

*Declaration: Venue: Curative statute: Technical defects.*   In an action against a railroad company for damages arising out of their neglect to fence their railroad where it crossed the plaintiff's land, the want of venue in the declaration is held cured by the statute (*Comp. L. 1871*, § *6051*), where the injury complained of was located territorially upon land in the county where the suit was brought.   Trial by the court stands in the same equity in this regard as trial by jury.

GRAND RAPIDS & INDIANA R. R. CO. *v.* SOUTHWICK.

*Declaration: Technical defects: Waiver.* Pleading and going to trial precludes parties from setting up merely technical defects, where the declaration contains a good case otherwise.

*Declaration: Railroad companies: Corporate character: General averments.* A declaration in such an action, which charges the defendants as corporations " owning, occupying and doing business on and over " a certain railroad (naming it), " under the laws of the state of Michigan," is not open to the objection, under the plea of the general issue, that it does not allege defendants to be corporations, or otherwise competent to be sued.

*Declaration: General allegations: Damages.* General allegations of the continuous operation of the road, and the continuous neglect to fence it, and that damages resulted therefrom, are sufficient to authorize a recovery for such natural mischiefs as invariably follow the destruction of fences and exposure of lands, and which cannot easily be itemized.

*Fencing railroads: Statutory duty: Damages: Declaration: Reference to the statute.* It is not requisite that a declaration in such an action should be specially framed upon the statute imposing the duty of fencing railroads, or should refer to it, the duty being imposed by a general statute, and the action being, not one for a penalty, but for damages resulting from the neglect of a statutory duty.

*Declaration: Damages: General averments: Special injuries.* The general allegation, in such a declaration, of " damages done to this plaintiff's stock by defendants' engines passing over said railroad," etc., is not sufficiently precise to warrant a recovery for the destruction of a colt run over by a train; this was a specific act, not so necessarily caused by the neglect of fencing that defendants could be expected to meet the charge without having it pointed out directly.

*Submitted on briefs October 23. Decided October 27.*

Error to Allegan Circuit.

*Hughes, O'Brien & Smiley,* for plaintiffs in error.

*Jacob V. Rogers,* for defendant in error.

CAMPBELL, J.

The defendant in error sued plaintiffs in error for damages arising out of their neglect to fence their railroad where it crossed his lands. It charged them, in substance, with building and operating their road over the premises mentioned, and averred the duty arising therefrom to make and maintain proper fences and cattle guards. It then avers an entire neglect of these duties, the throwing down of plaintiff's fences, and suffering the road to remain unfenced and unguarded with cattle guards, etc. By means of this wrong, it avers the plaintiff suffered damages in various ways; and, among others, for " *damages done to this plaintiff's stock by defendants' engines passing over said railroad.*"

The only damage recovered was for the destruction of a colt run over by a train.

As this case involves most of the points raised in another case submitted with it, they may be discussed together, so far as they present the same questions.

When the case was opened upon testimony, several preliminary objections were presented, all of which were claimed to be fatal defects. We will refer to such points as seem worthy of notice.

It was claimed the declaration was bad for want of a venue. None was contained in the margin, but the injury was located territorially upon land in the county where suit was brought, and this being so, the omission was purely technical, and cured by the statute, which enumerates, among other defects which are not to stay judgment, "the want of a right venue, if the cause was tried by a jury of the proper county."—*C. L.*, § *6051.* Trial by the court stands in the same equity.

Pleading and going to trial precludes parties from setting up merely technical defects, where the declaration contains a good case otherwise.

We think the objection that the declaration does not allege defendants to be corporations, or otherwise competent to be sued, is unfounded. It distinctly charges them as corporations "owning, occupying and doing business on and over the Grand Rapids & Indiana Railroad, in Allegan county, Michigan, under the laws of the state of Michigan," and they appear and plead by name by their attorney. Under a plea of the general issue we see no reason why this is not sufficient.—*C. L.*, §§ *6547, 6549, 6556.*

We think also that the allegations showing the continuous operation of the road, and the continuous neglect for six years and upwards, are certain and unambiguous, and that the averments of consequential damage by the land being thrown open, and by various other continuous mischiefs, were sufficient to authorize the plaintiff to go into proofs. The actionable negligence was the neglect to fence, and the damages being claimed as resulting therefrom, a general state-

ment has always been allowed of such continuous natural mischiefs as occur frequently and cannot be described by single items so as to convey any beneficial knowledge to the defendant. Such mischiefs as almost invariably follow the destruction of fences and exposure of lands cannot be itemized easily. The objection for insufficiency was made in the very outset, before any proof had been admitted, and was altogether too broad, if there was any damage whatever sufficiently alleged, and it was therefore properly overruled.

It is claimed the declaration should have been specially framed upon the statute, and referring to it. But this is not an action for a penalty. It is brought for damages arising from the neglect of a duty imposed by general statutes, and it sets out the duty fully. The duty is imposed by general laws, of which the courts are bound to take notice, and which would not be made more clear by a formal reference. If defective on demurrer (upon which there is no occasion to express an opinion), the declaration is not fatally defective for such an omission unless demurred to.

We think, however, that the allegations were not precise enough to authorize a recovery for the injury to the colt. This was a specific act, not so necessarily caused by the neglect of fencing that defendants could be expected to meet the charge without having it pointed out directly. While there may be some looseness in the rules for averring special damage, there is nothing in the averment of " damages done to this plaintiff's stock by defendants' engines passing over said railroad," which would indicate how or when the damage was done, or to what number or kind of animals. Nothing could well be more vague than this. It gives no information whatever to the defendants, and the proof should not have been received.

For this error the judgment must be reversed, and a new trial granted.

The other Justices concurred.