BRIDGET CLARK v. THE VILLAGE OF NORTH MUSKEGON.

[See 86 Mich. 29.]

*Municipal corporations—Defective highway.—Pleading.*

1. In a negligence case brought under Act No. 264, Laws of 1887 (3 How. Stat. §§ 1446c—1446h), against a municipal corporation for failing to keep a highway in repair, the declaration must aver:

    a—That the highway within which the accident happened was open to public travel.

    b—That it had been in use as a public highway for 10 years; citing *McKeller v. Township of Monitor*, 78 Mich. 485, 491.

    c—But it need not refer expressly to the statute.

2. An objection that a declaration in a negligence case fails to refer to the statute, by virtue of which alone the right of action exists, cannot be raised upon the trial under the plea of the general issue; citing *Fuller v. Mayor*, 82 Mich. 480.

3. A declaration which describes the defendant as " the village of North Muskegon, a municipal corporation of the State of Michigan," sufficiently alleges its corporate existence.

Error to Muskegon. (Dickerman, J.) Argued October 30, 1891. Decided November 13, 1891.

Negligence case. Plaintiff brings error. Order sustaining demurrer affirmed, and case remanded, with leave to amend declaration. The facts are stated in the opinion.

*Turner, Turner & Turner,* for appellant.

*Arthur Jones (Joseph H. Clark,* of counsel), for defendant.

GRANT, J. Plaintiff brings suit to recover for injuries which she claims to have sustained by reason of a defective sidewalk. Defendant interposed a demurrer, which was sustained, and plaintiff appeals.

1. The declaration describes the defendant as "the village of North Muskegon, a municipal corporation of the State of Michigan." It is insisted that this is no averment that the defendant is a township, village, or city corporation. I think it is a sufficient allegation of its corporate existence and character. The plain inference is that it is a village corporation, duly organized.

2. The declaration does not allege that the street within which the accident happened was open to public travel. Unless so open, no liability attaches. Act No. 264, Laws of 1887, § 3. It is not sufficient under this statute that it be a public highway or street, but it must be opened to the public for use. Inasmuch as there is no liability aside from the statute, the pleader must allege the necessary averments to bring himself within it. Upon demurrer, this objection is good.

3. The place of the accident is described as being upon the south side of Maple street, in front of the premises owned by one E. C. Misner. While the description might be more specific, still I think this was sufficient.

4. The declaration contains no averment that this street had been a public street or highway for the period of 10 years and upwards. See section 4 of the above act. Under this section no redress is afforded unless the highway has been in use as a public highway for 10 years. *McKeeler v. Township of Monitor,* 78 Mich. 485.

Plaintiff concedes that upon the trial it would be incumbent upon her to prove the existence of such a highway. It was therefore necessary for her to allege it. This is not an exception which need not be averred, within the rule laid down in *Myers v. Carr,* 12 Mich. 63. It is not a defense which the defendant must make. Unless the plaintiff established this fact, she would not be entitled to recover.

5. No reference is made in the declaration to this statute, by virtue of which alone the right of action exists, and it is insisted that upon demurrer this objection is good. It could not be raised upon the trial under the plea of general issue. *Grand Rapids & I. R. R. Co. v. Southwick,* 30 Mich. 446; *Fuller v. Mayor,* 82 Id. 480. In these cases the facts alleged in the declarations were sufficient to establish a liability under this statute, without which there would be no remedy. But we see no reason for requiring the pleader to expressly refer to the statute. He must make a case bringing the defendant within the liability created by the statute. When this is done the defendant cannot be misled, nor can any doubt exist but that the declaration is framed under the statute.

Judgment is affirmed, with costs, and the case remanded to the court below, with permission to the plaintiff to amend upon payment of costs.

The other Justices concurred.