*Jordan* v. *Sharlock,* 84 Pa. St. 366 (24 Am. Rep. 198);
*Second Nat. Bank* v. *Hemingray,* 34 Ohio St. 390;
*Keightley* v. *Walls,* 27 Ind. 387; *Smith* v. *Spengler,* 83
Mo. 408; *Jones* v. *Robinson,* 26 Barb. 310; *In re Van
Allen,* 37 Barb. 229; *Stewart* v. *Anderson,* 1 Cranch,
586; *Davis* v. *Manufacturing Co.,* 114 N. C. 321 (19 S.
E. 371, 23 L. R. A. 322); *Adams* v. *Drug Co.,* 57 Fed.
888 (23 L. R. A. 334); *Martin* v. *De Loge,* 15 Mont.
343 (39 Pac. 312); *Yardley* v. *Clothier,* 2 C. C. A. 349
(51 Fed. 506, 17 L. R. A. 462); *Ex parte Prescot,* 1
Atk. 230; 1 Morse, Banks, § 338.

As the precise question involved here is a new one in
this State, but has been, as we have shown, directly
passed upon in the Federal courts and many of the State
courts, we feel bound to follow those decisions.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., con-
curred. LONG, J., did not sit.

---

RUTKOWSKI *v.* TOWNSHIP OF DEARBORN.

This case is ruled by *McKeller* v. *Township of Monitor,* 78 Mich.
485.

Error to Wayne; Frazer, J. Submitted April 24,
1902. (Docket No. 135.) Decided May 8, 1902.

Case by Minnie Rutkowski against the township of
Dearborn for injuries sustained by reason of a defective
approach to a bridge. It appeared on the trial that the
highway of which the bridge formed a part had not been
in use 10 years; whereupon the court directed a verdict
for defendant. Plaintiff brings error. Affirmed.

*William Look* (*Harry F. Chipman*, of counsel), for appellant.

*Thomas Mulvihill* (*Richard I. Lawson*, of counsel), for appellee.

PER CURIAM. This case is ruled by *McKeller* v. *Township of Monitor*, 78 Mich. 485 (44 N. W. 412).

Judgment affirmed.

---

SPARROW-KROLL LUMBER CO. *v.* VAN SLYCK.

CONDITIONAL SALE—INSTRUCTIONS TO JURY.

Defendant was working for plaintiff under a lumbering contract, and plaintiff purchased for him a team under an agreement that the title should remain in plaintiff until paid for. Plaintiff claimed the horses were to be paid for in work under the contract, and introduced his general account in evidence, showing a large balance due plaintiff. Defendant claimed that he was to pay for them by the sale of certain logs, and that more than enough had been sold to pay for them. *Held*, that it was not error to charge that the general account and final balance had nothing to do with the case except to show what the agreement was, and whether the purchase price had been paid.

Error to Houghton; Streeter, J. Submitted April 24, 1902. (Docket No. 30.) Decided May 8, 1902.

Replevin by the Sparrow-Kroll Lumber Company against Walter G. Van Slyck. From a judgment for defendant, plaintiff brings error. Affirmed.

*Gray, Haire & Rice*, for appellant.

*Chadbourne & Rees*, for appellee.