## SMITH v. GILREATH.

1. PLEADINGS—HIGHWAYS—TELEPHONE WIRES.—A cause of action for injury caused by negligence in repairing a telephone wire, and one for obstructing a highway, under the statute may be commingled in the same cause of action, and such complaint stating facts necessary to make out a cause of action for obstructing a highway, under the statute need not refer to the statute nor set out its terms.

2. HIGHWAYS—JUDGE.—Whether a person is required by statute to remove an obstruction from a highway, is a question of law for the Court.

3. IBID.—NEGLIGENCE.—A recovery for injury caused by obstructing a highway contrary to the statute does not depend upon negligence in obstructing, but for obstructions not forbidden by statute, negligence must be shown.

4. IBID.—NOTICE—TELEPHONE WIRES.—In an action for damages caused by negligence in permitting telephone wires to sag across a highway, the question of notice of defect is an important element.

5. IBID.—Request refused did not contain all the elements necessary to recover, under statute against obstructing a highway.

Before PURDY, J., Pickens, March, 1903. Reversed.

Action by Bertie Smith, by guardian *ad litem,* against P. D. Gilreath, originally commenced in Greenville County, and venue changed to Pickens County. From verdict for defendant, plaintiff appeals.

*Messrs. Evans & Finley* and *Blythe & Blythe,* for appellant, cite: *If obstruction is unlawful, care or skill is not material:* 1 Thomp. on Neg., 1064; Code of Proc., 163, 180; Pom. Code Rem., 73, 453, 517; 8 S. C., 104. *Liability for*

23—69

*obstructing highway:* Code, 1902, sec. 1375; Thomp. on Neg., 1088, 1089, 1087. *Existence of unauthorized obstruction is prima facie evidence of negligence:* 55 S. C., 403; 45 S. C., 148; 140 U. S., 11; 100 Mass., 166; 50 F. E. D., 810; 1 Q. B. Div., 314; 31 L. R. A., 566; 57 L. R. A., 619; Thomp. on Neg., 1087.

*Messrs. B. F. Shuman* and *Haynesworth, Parker & Patterson,* contra, cite: *Recovery for defect in highway is dependent on care of plaintiff:* 15 Ency., 465.

July 4, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. In disposing of the questions raised by the exceptions, it will be necessary to determine at the outset the scope of the complaint, the material allegations of which are as follows:

"4. That at the times hereinafter mentioned, defendant was and still is the owner and operator of a line of telephone extending from the city of Greenville, in the county and State aforesaid, through the town of Greers, in said county and State, to the plantation of the defendant, situate in said county and State, and near the said town of Greers.

"5. That the said telephone line runs from the said town of Greers along and across a public highway extending from said town towards the said plantation of the defendant.

"6. That it was and is the duty of the defendant to keep the said telephone line and the wires used in connection therewith in good and safe condition, so that all persons passing along and over said highway in vehicles or otherwise could pass and repass in safety.

"7. That the defendant failed in his duty in this respect, and did carelessly, wantonly, recklessly, negligently and with utter disregard of the rights of the plaintiff, allow the said telephone wire to sag across the said highway, so that it became dangerous for persons passing along said highway, and did carelessly, wantonly, recklessly, negligently and with utter disregard of the rights of the plaintiff, allow said wire

to remain in such dangerous condition for a long space of time, to wit: ten days, and while said wire was in this dangerous condition, to wit: on the last day of August, A. D. 1900, the plaintiff, Bertie Smith, accompanied by her mother, passed along said highway, driving in a top buggy, and without any fault or negligence on her part, the said wire caught the top of the buggy in which she was riding, turned the same over and threw her violently therefrom to the ground, inflicting upon her severe bodily injury."

The defendant denied generally the allegations of the complaint and set up the defense of contributory negligence.

The jury rendered a verdict in favor of the defendant.

Section 186a of the Code provides that "In all cases where two or more acts of negligence or other wrongs are set forth in the complaint as causing or contributing to the injury for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instructions of the Court, and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint."

Among other provisions, section 1375 of the Code of Laws contains the following: "If any person or corporation * * * shall permit any timber, wood or other obstructions to remain upon or across any road or highway, to the hindrance or inconvenience of travelers, or any person or persons passing along or upon such road or highway, every person or corporation so offending shall forfeit and pay for every such offense any sum not exceeding twenty nor less than five dollars, and shall be liable for all damages arising to any person from such obstruction or injury to such road or highway, to be recovered by an action * * * in the Court of Common Pleas."

In 20 Enc. of Pl. & Pr., 594-5, it is said: "In accordance with the usual rule, that it is never necessary in pleading to

state matter which the Court is supposed to know and of which it is bound to take judicial notice, public statutes need not be pleaded by setting out or reciting either the contents or the substance thereof. It is sufficient to state facts bringing the case within the statute." In *Clark* v. *North Muskegan,* 88 Mich., 308, which was a negligence case against a municipal corporation for failure to keep a highway in repair, no reference was made in the declaration to the statute by virtue of which alone the right of action existed, and it was insisted that this objection was good on demurrer. The Court, however, held that express reference to the statute was not necessary, saying: "We see no reason requiring the pleader to expressly refer to the statute. He must make a case bringing the defendant within the liability created by the statute. When this is done, the defendant cannot be misled, nor can any doubt exist but that the declaration is framed under the statute."

The complaint not only alleged the wilful and negligent wrong on the part of the defendant in allowing the wires to sag, but likewise sets forth every fact necessary to constitute a cause of action under the statute.

The appellant's exceptions are as follows:

"The plaintiff excepts to the charge of his Honor, Judge Purdy, as follows:

"1. In that his Honor erred in refusing to charge the jury, as requested by plaintiff's attorney, as follows: 'The jury are charged that if on any ground the obstruction of the public highway is unlawful in itself, then the question of the care or skill which has been employed by the obstructor in protecting the public from being injured by it becomes immaterial, he is the author of a public nuisance, and, if special damages have thereby been inflicted upon any one, he is liable in law to pay those damages.' It being submitted that the same is a sound proposition of law applicable to the case.

"2. In that his Honor erred in refusing to charge the second request of the plaintiff, to wit: 'The jury are charged that if the obstruction in a highway was created or caused by

the defendant, and he is required by the statutes of this State or otherwise to remove the same, he becomes the author of a public nuisance, and such nuisance is *per se* negligence, and the author of it becomes an insurer against special damages from his unlawful act, and if a traveler on a public highway is injured by reason of such obstruction, he is liable to him or them, and if the plaintiff occupied that relation, the jury should find a verdict for the plaintiff.' It being submitted that the same is a sound proposition of law and applicable to the case.

"3. In that his Honor erred in refusing the third request to charge of plaintiff, to wit: 'The jury are charged that the mere existence of an unauthorized obstruction or source of danger in the public highway is *prima facie* evidence of negligence on the part of the author of it, under the rule, *"res ipsa loquitur,"* and if a person receive special damage by reason of such obstruction he is entitled to a verdict by the jury.' It being submitted that the same was a correct proposition of law and applicable to the case.

"4. In that his Honor erred in refusing the fourth request to charge of plaintiff, to wit: 'The jury are charged that if a person erect a private telephone line along a public highway and fail to keep the same in repair, and suffers the wires to sag over the highway so as to endanger the life and limb of the travelers on the highway, such person becomes thereby an obstructor of the public highway, and is liable to any person suffering special damages therefrom, he is the author of his own wrong and the question of notice to such owner of the line as to its condition cannot be considered by the jury.'

"5. In that his Honor erred in refusing the fifth request to charge of plaintiff, to wit: 'The jury are charged that if the owner of a private telephone line constructed it in so faulty a manner or suffered it to get out of repair so as to endanger persons passing along the highway, it becomes a nuisance, and as such is prohibited by the statute of this State, and the owner of such line is liable to any person traveling along the highway sustaining special damages thereby.'

It being submitted that the same was a correct proposition of law and applicable to the case.

"6. In that his Honor erred in refusing the sixth request to charge of plaintiff, to wit: 'The jury are charged that the right of corporations and individuals to erect telephone lines along and over the highways of this State is given subject to the condition that the highway shall not be obstructed thereby, and if any highway becomes so obstructed by falling wires or faulty construction of such lines, it becomes a public nuisance, and if the traveler on the highway suffers special damages by reason thereof, he is entitled to recover, and the jury should find a verdict for the plaintiff.' It being submitted that the same was a correct proposition of law and applicable to the case.

"7. In that his Honor erred in refusing to grant the plaintiff's motion for a new trial, having charged the seventh request to charge made by the plaintiff, the verdict was in direct violation of said charge and the admissions of the defendant, to wit: 'That he did not inspect his telephone line, but waited for the public to notify him of its condition.' The said request to charge is as follows: 'The jury are charged that it is not the duty of the public to notify owners of telephone lines of dangerous condition of their wires along the public highways, but, on the contrary, it is the duty of the owners of such telephone line to reasonably inspect their lines at all times and to keep them in repair, so as to avoid injury to travelers on the public highway, and if such owners of such telephone lines fail to inspect same and keep their wires in reasonably safe repair, they are guilty of negligence, and in such event the plaintiff is entitled to a verdict (by the Court: "if such negligence caused the injury"), if he has not contributed to the injury.' There being no testimony denying that of the plaintiff and Dr. Black as to her injuries and the causes thereof.

"8. Because his Honor erred in refusing to read section 1375, Code of Laws, vol. 1, 1902, to the jury, as requested

by plaintiff's counsel.  It being submitted that said section is the statute law of this State and applicable to the case."

His Honor, the presiding Judge, refused to charge as requested in the first exception, on the ground that it was not responsive to the issues made by the pleadings.  As we have already shown, the complaint contained allegations appropriate to an action under the statute.  The request embodied a sound proposition of law, and the refusal to charge it was error.  Thompson on Negligence, vol. 1, p. 1064.

The request to charge which is set out in the second exception was properly refused, as it was a question of law for the Court, and not a question of fact for the jury, whether a person is required by statute to remove an obstruction in the highway.

The presiding Judge refused to charge the request in the third exception, on the ground that it was for the jury to say whether the evidence showed negligence.  The request was not applicable to a cause of action under the statute for obstructing a highway, as it is not dependent upon negligence, and in other respects it contained a charge upon the facts.  While there are cases in which the law presumes negligence from certain facts, as in the case of *Poulnot* v. *W. U. Tel. Co., post,* the doctrine is not applicable to this case.  It was incumbent on the plaintiff to show not only that she suffered injury which was caused by the defendant, but that such injury was the result of negligence, in order to recover upon those allegations of the complaint founded upon negligence.  *Glenn* v. *R. R. Co.,* 21 S. C., 466; *Carter* v. *R. R.,* 19 S. C., 20.

The request to charge in the fourth exception was properly refused, as the question of notice was an important element in determining whether the defendant permitted the wires to remain upon or across the highway so as to obstruct it.

The charge as requested in the fifth exception was

properly refused, as it did not contain all the elements necessary to a recovery under the statute.

As there must be a new trial, for the reasons hereinbefore stated, it becomes unnecessary to consider the seventh exception.

The eighth exception has already been considered in determining the scope of the complaint.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.