GEORGE A. HEIGHTMAN, Respondent, v. VAL-LETTE K. SAMMONS, Appellant.

Kansas City Court of Appeals, January 6, 1908.

MASTER AND SERVANT: Negligence: Contributory Negligence: Instruction. Where the evidence tends to show the negligence of both the plaintiff and the defendant so that the jury may well have found that both were guilty, it is error to instruct the jury that if they believe on account of the plaintiff's negligence alone he was injured then he cannot recover, since if he was injured by the mutual negligence of the defendant and himself he was not entitled to recover.

Appeal from Jackson Circuit Court.—*Hon. John G. Park,* Judge.

REVERSED AND REMANDED.

*Frank F. Brumback* for appellant.

There being evidence on the part of defendant tending to prove that plaintiff improperly used the machine this was contributory negligence and the defendant had the right to have same submitted to the jury without the limitation imposed by the insertion of the word "alone." Cyclopedia of Law and Procedure (Cyc.). Title Master and Servant, p. 1260; Holmes v. Brandenbaugh, 172 Mo. 53; Moran v. Brown, 27 Mo. App. 487; Railroad v. Daniels, 73 Miss. 258, 19 So. 830; Beach on Contributory Negligence, sec. 26; Thompson, Commentaries on Negligence (2 Ed.), sec. 217, p. 212; Railroad v. Calderwood, 89 Ala. 247, 7 So. 360; Deeds v. Railroad, 69 Ia. 164, 28 N. W. 488; McKeller v. Township, 78 Mich. 485, 44 N. W. 412; Honheide v. Transit Co., 104 Mo. App. 323; Hornstein v. Railroad, 97 Mo. App. 271; Hogan v. Railroad, 150 Mo. 36; Dougherty v. Railroad, 97 Mo. 647; Maxey v. Metropolitan, 95 Mo. App. 309.

*Laughlin & Kenworthy* for respondent.

Defendant's last complaint is that the court inserted the word "alone" in instruction numbered 2. It seems to us that the elaborate argument of defendant's counsel on this point is an attempt to make "a mountain out of a mole hill." In other words defendant's counsel erects a straw man and then proceeds to knock him down. What we do deny is that there is in the instruction as asked any statement of such a doctrine or that it contains language which by the most liberal interpretation can be held to have the slightest reference to it.

ELLISON, J.—Plaintiff was an employee of defendant and while engaged in working a machine called a "jointer," was severely and permanently injured. He brought this action for damages, charging that defendant was guilty of negligence in maintaining the machine. He recovered judgment in the trial court for five thou-

sand dollars and afterwards remitted five hundred of that sum.

Defendant's answer was a general denial and a plea of contributory negligence. As the evidence was of such nature as undoubtedly made the questions of negligence on defendant's part and contributory negligence on plaintiff's part proper matters for determination by the jury, it will not be necessary to set out a description of the machine further than to say that it consisted of knives, about sixteen inches long, fastened into, or onto, a square iron bar which was operated by a belt communicating power from an engine, and that this bar when properly worked revolved with great rapidity, making several thousand revolutions per minute. The machine was used for planing pieces of board which were held with the hands, flat side down, and pushed over the revolving knives. The immediate cause of the injury was that an employee engaged on another machine requested plaintiff to "dress" or plane a short piece of plank. Plaintiff took the piece and passed it over the knives twice and it not yet being satisfactorily planed, attempted to pass it over the third time, when there occurred a rumbling sound, as the knives struck the piece —and it was suddenly and with force thrown or wrenched from plaintiff's hands out into the room, one of his hands thereby being brought into contact with the knives and cut off.

The following instruction was offered by defendant under the defense of contributory negligence. The court refused it as offered, but gave it with the word "alone," which is found in parenthesis: "If the jury believe from the evidence that the plaintiff when hurt was attempting to pass a board over the revolving knives of a machine called a jointer by causing the board to approach the knives from a direction so that the knives were revolving away from the approaching

board and that the machine was not fitted for nor intended to be used in the way the plaintiff attempted to use it but that the proper way was to cause the board to so approach the knives that the knives would be revolving toward the approaching board and that on account (alone) of the way in which the plaintiff caused the board to approach the knives the said knives jerked the board from under the plaintiff's hand and thus allowed the plaintiff's left hand to fall against the knives and receive the injury complained of, then the plaintiff cannot recover and your verdict should be for the defendant."

The instruction was erroneous and it materially affected the merits of the controversy. The plaintiff charged the defendant with negligence in the maintenance of the machine whereby he was injured. On the other hand defendant charged the plaintiff with negligence. There was evidence tending to sustain both charges and the jury could well have believed that both were guilty of such negligence as directly contributed to the injury. If they did so believe, the verdict should have been for the defendant. But the effect of the instruction was to deprive defendant of this rule of law. For the jury could well say that we believe both were negligent, yet we must find for the plaintiff, since we are directed that in order to find for defendant we must believe that plaintiff's negligence alone caused the injury; therefore, believing that plaintiff's negligence was not the sole cause of the injury, but that defendant's negligence was also a cause, we find for the plaintiff. In short, the instruction authorized a verdict for plaintiff in a situation where the law forbade such verdict, for where there is mutual negligence the plaintiff fails. [Craig v. Sedalia, 63 Mo. 417, 420; Hogan v. Railroad, 150 Mo. 36; Richardson v. Mesker, 171 Mo. 666; Zumault v. Railroad, 175 Mo. 288; Moore v. Railroad, 176 Mo. 528; Maxey v. Raiload, 95

Mo. App. 303.] In keeping with this rule of law it is stated in Thompson's Negligence, section 217, that "Obviously it is not necessary that the plaintiff's negligence shall have been the *sole* proximate cause of the injury for this would exclude all idea of negligence on the part of the defendant and leave no room whatever for the application of the doctrines of mutual or contributory negligence." And by Beach on Contributory Negligence, section 26: "The plaintiff's negligence in order to constitute a defense to the action he brings need not, of course, be the *sole* proximate cause of the injury for this excludes the idea of negligence on the part of the defendant as in any legal sense material. If his negligence is the *sole* cause of the injury it is not contributory negligence at all. So the Supreme Court of Iowa declares the rule to be that if the plaintiff's want of ordinary care was in *whole or in part* a proximate cause of his injury, he cannot recover, and where the court instructs the jury that the plaintiff cannot recover if his negligence caused the injury they should not be left to suppose that such negligence in order to defeat him must have been the sole cause." To the same effect are the following cases: Deed v. Railroad, 69 Iowa 164; McKellar v. Township, 78 Mich. 485; Railroad v. Calderwood, 89 Ala. 247.

The judgment will be reversed and the cause remanded. All concur.