DREW ET AL., RESPONDENTS, *v.* CITY OF BUTTE, APPELLANT.

(No. 3,022.)

(Submitted November 1, 1911. Decided November 11, 1911.)

[119 Pac. 279.]

*Cities and Towns—Streets—Change of Grade—Damages—Existence of Municipal Corporation—Complaint—Sufficiency—Judicial Notice—Real Property — Description — Evidence—Private Plats—Title.*

Cities and Towns—Municipal Existence—Complaint—Sufficiency.
1.   The averment in a complaint against a city, that "the city of B. is a municipal corporation organized and existing under the laws of the state of Montana," *etc., held* sufficient as against the objection that the pleading did not state a cause of action in that it did not allege that the defendant was a municipal corporation at the time the wrongful act for which damages were sought was committed.

Same—Judicial Notice.
2.   Under section 7888, Revised Codes, judicial notice will be taken of the fact that during a certain year a city was a municipal corporation existing under the laws of this state.

Same—Streets—Change of Grade—Real Property—Sufficient Description.
3.   Descriptions of real property in a complaint, in an action against a city for damages occasioned by a change in the grade of a street, and in a deed introduced in evidence, *held* sufficient.

Same—Private Plats—Admissibility in Evidence.
4.   A private plat showing the location of plaintiff's property was admissible in evidence as an aid in identifying the realty.

Same—Evidence—Title—Sufficiency.
5.   Where, in an action against a city for damages to property by a change in the grade of a street, plaintiff's evidence showed that he had been in possession of the property for some time prior to the change of the grade, and had made improvements thereon, including the erection of a dwelling-house, and where during the time he was testifying he produced a deed, though unrecorded and without any direct evidence that it had ever been delivered to him, the contention that he had failed to connect himself with the title was without substantial merit.

*Appeal from District Court, Silver Bow County; Jno. B. McClernan, Judge.*

ACTION by William J. Drew and another against the City of Butte. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Mr. William Meyer,* for Respondents, submitted a brief and argued the cause orally.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Rotering* submitted a brief in behalf of Appellant; *Mr. Smith* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was brought to recover damages for injuries to real property, occasioned by a change in the grade of a street. Plaintiffs recovered judgment, and the city appealed. The complaint alleges: "That the above-named defendant, the city of Butte, is a municipal corporation, organized and existing under the laws of the state of Montana." The answer of the city "admits that it is and was a municipal corporation, as charged in the complaint."

1. It is insisted that the complaint does not state a cause of action, in that it does not allege that the defendant was a [1] municipal corporation in 1908, when the wrongful act was committed. The complaint names the defendant "the City of Butte." The city of Butte answered. In paragraph 7 of the complaint, it is alleged that in 1908 the defendant committed the act which caused the injury to plaintiffs' property. This is an allegation that in 1908 the city of Butte committed the act. In this state a city "is a body politic and corporate with the general powers of a corporation" (section 3202, Rev. Codes), and it would seem to follow that the statement in the complaint is a sufficient allegation that the city of Butte, which committed the act in 1908, was then a municipal corporation. (*Clark* v. *North Muskegon,* 88 Mich. 308, 50 N. W. 254; *Crockett* v. *Barre,* 66 Vt. 269, 29 Atl. 147.) By virtue of section 7888, Revised [2] Codes, the courts take judicial notice of the Act incorporating the city of Butte (Laws 1879, p. 77), the Act making it the county seat of Silver Bow county (Laws 1881, p. 85), and the statute bringing it within the general municipal incorporation Act (section 5032, Pol. Code 1895); and in conformity

with the great weight of authority we hold that judicial notice will be taken of the fact that during 1908 the city of Butte was a municipal corporation, existing under the laws of this state, and was the county seat of Silver Bow county. (16 Cyc. 909 : *Bituminous Lime Rock P. & I. Co.* v. *Fulton* (Cal.), 33 Pac. 1117; *City Council of Montgomery* v. *Wright,* 72 Ala. 411, 47 Am. Rep. 422; 1 Dillon on Municipal Corporations, sec. 84; 14 Ency. of Pl. & Pr. 225.)

2. Counsel for appellant contend that the description of [3] plaintiffs' property in the complaint and in a deed offered in evidence is too indefinite to identify the property. The description given in the complaint is: "Lot number eleven (11) in block number nine (9) of the Hope addition to the city of Butte according to the private plat and survey thereof in the office of C. S. Passmore & Company, Butte, Montana. That said lot fronts on and adjoins Lewisohn street in said city of Butte." In the deed the lot is described by metes and bounds, starting from the northeast corner of lot 2, in block 9, of the Hope Addition, and the description given is followed by this recital: "This tract is also known as lot number eleven (11) in block number nine (9) (private plat) of reserve portion of Hope addition to the city of Butte." The evidence discloses that the plat of the Hope Addition has been filed with the county clerk and recorder of Silver Bow county; that at the time the plat was filed a portion of the land embraced within it was acre property; that afterward this portion was subdivided into lots and blocks, and a private plat of it made; and that plaintiffs' property is a part of the acre property thus subdivided. The property was further identified as No. 912 Lewisohn street, in the city of Butte. We think the description is sufficient.

In *State ex rel. Arthurs* v. *Board of Commissioners of Chouteau County, ante,* p. 51, 118 Pac. 804, we had occasion to review at length the authorities upon this subject. A reference to that case is sufficient here. So far as disclosed by this record, there was not any special demurrer interposed to this complaint, nor, indeed, any general demurrer or objection to

the introduction of evidence. The language of this court, in *Billings Realty Co.* v. *Big Ditch Co.,* 43 Mont. 251, 115 Pac. 828, is pertinent: "It may be admitted that if the execution to be issued upon a judgment rendered in this action would operate directly upon the land in question, as, for instance, in the case of the sale of the land itself, or if it was sought to enforce a tax or other lien, the description herein given might not be sufficiently specific to enable the proper officer to identify it; but in an action for damages for trespass, where the property enters into the controversy only incidentally, much less particularity is required in describing it. All that the plaintiff is called upon to do is to inform the defendant, with reasonable certainty, of the location of the property upon which the trespass is alleged to have been committed, to the end that a defense may be made, or a plea of former adjudication thereafter interposed, if another action should be instituted for the same injury."

3. Exception is taken to the ruling of the trial court in admitting in evidence the private plat of C. S. Passmore & Co. [4] The plat shows the location of plaintiffs' property with reference to the other portions of the Hope Addition, and was admissible, not as an official document, but to aid in identifying the property, and upon the same theory that a pencil sketch, made by a witness while on the stand, to show the location of property with reference to some known object or permanent monument, would be admissible. The rule is recognized uniformly, and is stated in 17 Cyc. 412, as follows: "It is common practice in the courts to receive private or unofficial maps, diagrams, models, or sketches, for the purpose of giving a representation of objects and places which generally cannot otherwise be as conveniently shown or described by witnesses, and, when proved to be correct or offered in connection with the testimony of a witness, they are admissible as legitimate aids of the court or jury."

4. The evidence is sufficient to show that plaintiffs' property is a part of the Hope Addition to Butte, and within the city

limits. Upon the trial counsel for the city admitted that the defendant did the work of which complaint is made.

5. It is insisted that plaintiffs did not connect themselves **[5]** with the title to the property. It appears from the evidence that this property had formerly been acquired by C. S. Passmore and others. Plaintiffs offered in evidence a deed to them from Passmore and others, purporting to convey this property. The deed had not been recorded, and there was not any direct evidence offered that it had ever been delivered to plaintiffs. This loose, careless manner of trying a case is open to severe criticism; but in the present instance we do not feel justified in reversing the judgment, since it does appear that plaintiffs have been in possession of the property since 1907, have erected a dwelling-house, and made other improvements upon the property. Furthermore, the deed was offered in evidence while plaintiff William Drew was on the witness-stand, was apparently produced by plaintiffs' counsel, and it would seem to be a fair inference that plaintiffs were in possession of the deed at the time it was produced for identification. The objections urged are highly technical. None of them goes to the merits of the controversy.

We do not find any reversible error in the record. The judgment and order denying defendant a new trial are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH, concur.