WRIGHT *v.* CITY OF MUSKEGON.

MUNICIPAL CORPORATIONS—SIDEWALKS—BARRIERS—INDEPENDENT CONTRACTORS.

> A city is not liable for personal injuries caused by the negligence of a contractor employed by an abutting owner to construct a sidewalk. *Thompson* v. *City of West Bay City*, 137 Mich. 94, followed.

Error to Muskegon; Russell, J. Submitted April 28, 1905. (Docket No. 117.) Decided May 12, 1905.

Case by Edward Wright against the city of Muskegon for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

The board of supervisors of the county of Muskegon made a contract with one Louis H. Kanitz for the construction and repair of a cement sidewalk on one side of the court-house square. The work was completed about noon, and, in order to prevent pedestrians from walking over it before it was sufficiently hardened, a piece of woven wire fence, about two feet high, was stretched across the ends. About dusk some girls, walking along the street, fell over it. In this way, or in some other, the wire fence was either crushed down or bent over partly upon its side so as to be from four to six inches from the sidewalk. Plaintiff lighted his lantern and placed it near this obstruction to serve as a warning, and notified the contractor over the telephone. The contractor promised to fix it, but did not. Plaintiff did not notify any officer of the city; neither did the city have any knowledge of its condition. The light of the lantern, for some reason, went out. Plaintiff, on the same night, went to a lodge meeting, and on his return, between 11 and 12 o'clock, forgetting about the obstruction,

walked over it, fell, and claims to have been injured.   The negligence charged is the failure to maintain a proper barrier and to hang up lights sufficient to serve as a warning. The court directed a verdict for the defendant.

*Stephen H. Clink,* for appellant.

*James E. Sullivan,* for appellee.

GRANT, J. *(after stating the facts).*   The defendant city exercised no supervision or control over the construction of this walk.   It was done entirely by the board of supervisors under a contract with which the city had nothing to do.   The precise question was raised in *Thompson* v. *City of West Bay City,* 137 Mich. 94, and decided against the plaintiff's contention.   It is unnecessary to repeat the reasoning of that case.

The judgment is affirmed.

MOORE, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.